**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CHRISTOPHER D. GAY,<br><br>*Plaintiff*,<br><br>v.<br><br>AUSTIN GARRETT, TIM DAVIS, and HAMILTON COUNTY JAIL,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-368<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

**MEMORANDUM & ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate formerly confined in the Hamilton County Jail, filed a pro se complaint for violation of 42 U.S.C. 1983, alleging that Defendant Davis failed to send the TDOC a document that would allow TDOC to apply work and behavior credits to Plaintiff's Davidson County sentence (Doc. 4), to which he attached exhibits (Doc. 4-1), that is now before the Court for screening. Also before the Court is Plaintiff's motion to appoint counsel (Doc. 7). For the reasons set forth below, this motion (*id.*) will be **DENIED**. Also, as Plaintiff's complaint adequately alleges that Defendant Davis's failure to send the relevant form to TDOC may result in a violation of Plaintiff's constitutional rights, that claim will proceed herein. But as Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants Garrett and Hamilton County Jail, they will be **DISMISSED**.

## I. COUNSEL

Plaintiff states that he requests appointment of counsel so that he may obtain "an early solution" in this case (Doc. 7, at 1). Appointment of counsel in a civil proceeding is not a

constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 05–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first and second factors, Plaintiff's claim regarding denial of work and behavior credits is a typical prisoner claim that is not factually or legally complex. Moreover, as to the third factor, it is apparent from Plaintiff's filings that he is able to present his claims.

Accordingly, Plaintiff's motion to appoint counsel (Doc. 7) is **DENIED**.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

First, in his complaint, Plaintiff does not allege or set forth facts suggesting that Defendant Sheriff Garrett is responsible for sending TDOC the relevant form regarding his work or behavior credits, but instead only states that he has sent this Defendant letters indicating that the relevant form has not been sent to TDOC. (*See* Doc. 4, at 4–5.) However, these allegations are insufficient to allow the Court to plausibly infer that Defendant Sheriff Garrett may be liable under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). As such, this Defendant is **DISMISSED**.

Also, while Plaintiff has named the Hamilton County Jail as a Defendant, this is not an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-

169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983."); *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Additionally, even if the Court could liberally construe Plaintiff's complaint as against Hamilton County (as an entity subject to suit under §1983 and the municipality responsible for the Hamilton County Jail), the complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against it. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). As such, Defendant Hamilton County Jail will be **DISMISSED**, and this action will not proceed against Hamilton County.

As Plaintiff's complaint adequately alleges that Defendant Davis is responsible for sending the relevant letter regarding work and behavior credits to the TDOC but has not done so despite multiple requests, this claim will proceed herein at this time. *See Gunn v. Civic*, No. 1:24-CV-00073, 2025 WL 350242, at *3 (M.D. Tenn. Jan. 30, 2025) ("A deprivation of accumulated sentence credits . . . would operate to extend the period of the plaintiff's confinement and therefore would implicate a constitutionally protected liberty interest.") (citations omitted).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to appoint counsel (Doc. 7) is **DENIED**;

2. Only Plaintiff's claim against Defendant Davis will proceed herein;

3. All other claims and Defendants are **DISMISSED**;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Davis;

5. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

6. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. *See* Fed. R. Civ. P. 4;

7. Service on Defendant Davis shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

9. Defendant Davis shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Davis fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Davis or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**